J. C. McDole v. The State.

No. 11825. Delivered May 30, 1928.

The opinion states the case.

*Marshall & Stewart* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offense the unlawful possession for the purpose of sale of spirituous, vinous and malt liquors containing in

excess of one per cent of alcohol by volume, penalty two years in the penitentiary.

Operating under a search warrant, officers found on the premises of appellant 177 bottles of beer, 55 empty beer bottles, 67 empty whiskey bottles, 300 caps, seven pints of whiskey, etc. Objection was made to the introduction of this testimony because in the search warrant appellant's name was spelled "McDough." That part of the search warrant under attack is as follows:

"Being the residence occupied by J. C. McDough, north and west of the North and of First Street of the City of Lubbock, Texas, and being just south and west of the main line of the Santa Fe Railway tracks."

In addition to the evidence of the officers, there was introduced testimony of several sales, including some to college students, made by appellant. Aside from the evidence given by the officers, the guilt of the appellant was overwhelmingly and conclusively proven and was not denied or attempted to be denied. The only defense offered was that of insanity. We are inclined to the view that since the name given in the search warrant may be pronounced and sounded like the name of appellant, that it in connection with the description of the premises occupied by appellant sufficiently identifies him. See Cline v. State, 34 Tex. Crim. Rep. 416; Nickelson v. State, 53 Tex. Crim. Rep. 634. This bill, like all others, must be appraised by its relation to the entire record. Thus considered, we do not believe that the point presents error, even conceding the correctness of appellant's position, since there seems to be no room for controversy as to the truth of the facts alleged in the indictment.

The real issue was appellant's sanity and this has been resolved by the jury against appellant and there being ample evidence to support such finding under proper instructions from the court, we cannot disturb the judgment of guilty, and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.